[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, the Town of Seymour, filed a complaint dated January 25, 1995 seeking foreclosure of certain municipal tax liens against real property owned by the defendant, Joseph B. Buckley. The plaintiff alleges that taxes due and payable from July 1, 1990 through January 1, 1995 remain due and unpaid.
On April 20, 1995, the defendant filed an answer and a special defense claiming that the plaintiff's liens are not valid because the certificates of lien do not comply with General Statutes § 12-173.
On June 24, 1996, the plaintiff filed a motion for summary Judgment as to the defendant's special defense on the ground that there is no genuine issue of material fact as to the validity of the certificates of lien. In opposition, the defendant has filed a memorandum of law, which refers the court to copies of the certificates labeled as Exhibits A, B, C, and D. The court notes that these exhibits are not included in the court file. The plaintiff has submitted a copy of an affidavit executed by Marie Somma, Tax Collector of the Town of Seymour.
Practice Book § 379 provides in relevant part "any party may CT Page 391-AA move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been assigned for trial. These rules shall be applicable to counterclaims, and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action."
"The superior courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book Section 379 makes no provision for it."Benjamin v. Nunes, Superior Court, Judicial District of Waterbury, Docket No. 102738 (May 21, 1993, McDonald, J.). See Gianetti v.National Grange Insurance, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 0290854 (March 8, 1994, Freedman, J.).
Therefore, the court denies the plaintiff's motion for summary judgment as to the special defense.
Curran, J. T. R.