[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is the plaintiff's motion for partial summary judgment as well as the defendant's cross-motion for summary judgment.
The present case arises out of an automobile accident on January 27, 1995, where the motor vehicle operated by the plaintiff, Gloria Prigitano, was struck by a vehicle operated by Luis Guaman, causing the plaintiff to suffer personal injuries. In July of 1995, Guaman's insurance carrier paid to the plaintiff the full value of the liability policy, namely $20,000. Thereafter, the plaintiff filed an underinsured motorist claim against her insurance carrier, the defendant, Connecticut Life 
Casualty Insurance Co., which the defendant has refused to pay.
The defendant has asserted as its third special defense that it is not obligated to extend underinsured motorist benefits to the plaintiff because the plaintiff failed to comply with the consent to settle clause contained in her insurance policy.
On October 14, 1997, the plaintiff filed a motion for partial summary judgment on the defendant's third special defense on the ground that Public Act 1997, No. 97-58, which eliminated an underinsured motorist carrier's right of subrogation against an underinsured tortfeasor, renders the consent provision contained in the insurance policy void and unenforceable. On December 8, 1997, the defendant filed an objection and a cross-motion for summary judgment, accompanied by a memorandum of law in support. The defendant seeks summary judgment on its third special defense on the ground that the plaintiff's failure to adhere to the consent to settle clause has relieved the defendant of any liability in this matter. The plaintiff filed an opposing CT Page 466 memorandum dated December 11, 1997. On December 11, 1997, the defendant filed a supplemental memorandum in opposition to the plaintiff's motion and in support of its own motion. The plaintiff filed a reply to the defendant's supplemental brief on December 15, 1997.
"The superior courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book Section 379 makes no provision for it." (Internal quotation marks omitted.) Town of Seymour v. Buckley,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 049330 (January 23, 1997, Curran, J.T.R.) (18 Conn. L. Rptr. 583); see also Pac v. Town of Southington, Superior Court, judicial district of Litchfield, Docket No. 467026 (September 11, 1996, Dranginis, J.); Dubourg v. Osborn, Superior Court, judicial district of Litchfield, Docket No. 065070 (July 5, 1995, Pickett, J.); Cantore v. Rose, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 114930 (April 10, 1995, D'Andrea, J.); Gianetti v. National Grange Ins., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 290854 (March 8, 1994, Freedman, J.); SI Development Corp. v.Sapiro, Superior Court, judicial district of New London at New London, Docket No. 526158 (March 14, 1994, Hurley, J. ). "Judgments are rendered on complaints or counterclaims, or on specific counts or counterclaims, but there is no provision under Connecticut practice for a `judgment' to be entered on a special defense." (Internal quotation marks omitted.) Dubourg v. Osborn,
supra, Superior Court, Docket No. 065070.
This court will follow the reasoning of the majority of the superior courts. Accordingly, the plaintiff's motion for summary judgment as to the defendant's third special defense and the defendant's cross motion for summary judgment on its third special defense are hereby denied.
Donald T. Dorsey Judge Trial Referee Superior Court